UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

|  |  |
|---|---|
| RANDALLSTOWN AFRICAN INTERNATIONAL MARKET, LLC<br>5316 OLD COURT ROAD<br>RANDALLSTOWN, MARYLAND 21133<br><br>ALVAN OKOROJI<br>5316 OLD COURT ROAD<br>RANDALLSTOWN, MARYLAND 21133<br><br>and<br><br>ELIZABETH ISABEMOH<br>5316 OLD COURT ROAD<br>RANDALLSTOWN, MARYLAND 21133<br><br>        Plaintiffs,<br>v.<br><br>UNITED STATES<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No._____<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiffs Randallstown African International Market, LLC, Alvan Okoroji, and Elizabeth Isabemoh, by and through undersigned counsel, pursuant to 7 U.S.C. §2023 and 7 C.F.R. §279.7, hereby file this Complaint against Defendant United States, and allege:

1. This action seeks judicial review of the Final Agency Decision ("FAD"), dated November 15, 2016, of the United States Food and Nutrition Service ("FNS"), permanently disqualifying Randallstown African International Market, LLC

("Randallstown") as an authorized retailer in the Supplemental Nutrition Assistance Program ("SNAP").

2. This action further seeks an Order from this Court declaring that FNS's administrative procedures in SNAP retailer disqualification proceedings violate the Due Process clause of the United States Constitution, including because FNS requires retailers accused of trafficking to submit Freedom of Information Act ("FOIA") requests to obtain records in its possession about the store and the trafficking charges, requires retailers to pay for the costs of searching, reviewing, and/or and copying such records, and after withholding or redacting most material responsive records in its possession, relies upon withheld and unredacted records never produced to the retailer in reaching its preliminary and final agency decisions.

## PARTIES

3. Plaintiff Randallstown African International Market, LLC ("Randallstown") is a Retail Food Store as such term is defined in 7 C.F.R. §271.2.  Randallstown is a Maryland Limited Liability Company located at 5316 Old Court Road, Randallstown, Maryland 21133.

4. Plaintiff Alvan Okoroji ("Okoroji") is a resident and citizen of the State of Maryland.  Okoroji is the managing member of Randallstown.

5. Plaintiff Elizabeth Isabemoh is a resident and citizen of the State of Maryland. Isabemoh is a member of Randallstown.

6. Defendant United States of America is the federal government.

7. FNS is an agency of the United States Department of Agriculture ("USDA"). USDA is an executive branch department of the federal government.

8. FNS administers and has promulgated regulations governing the SNAP pursuant to powers delegated by Congress in Section 4 of the Food and Nutrition Act of 2008. 7 U.S.C. §2013.

9. Formerly known as the food stamp program, SNAP provides supplemental nutrition benefits to more than 43 million Americans and more than 375,000 Marylanders. SNAP's fundamental purpose is to provide eligible low-income households with increased food purchasing power. 7 U.S.C. §2011.

10. Pursuant to SNAP regulations set forth in 7 C.F.R. Part 278, FNS has authority to authorize and disqualify retail food stores from participation in SNAP.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this action pursuant to 7 U.S.C. §2023, 7 C.F.R. §279.7 and 28 U.S.C. §§1331, 1346. In addition, this Court has jurisdiction over this action pursuant to the Administrative Procedure Act, 5 U.S.C. §§701-706.

12. This Court has jurisdiction to grant declaratory and further necessary and proper relief pursuant to 28 U.S.C. §§2201-2202 and Federal Rules of Civil Procedure 57 and 65.

13. Venue in this district is proper under 7 U.S.C. §2023 and 28 U.S.C. §§1391(b) and (e) because Randallstown, the retail food store that is the subject of this action, is located in Baltimore County in this judicial district and division and because the United States of America is deemed a resident of this district and division and has consented to suit in this district and division.

14. Randallstown has exhausted any and all administrative remedies required prior to the institution of this action.

## FACTUAL ALLEGATIONS

15.  At all times relevant hereto, Alvan Okoroji and Elizabeth Isabemoh have been the sole members of Randallstown.

16.  Randallstown is a grocery store that serves a largely impoverished community in Baltimore County. Randallstown carries a wide variety of SNAP-eligible food items, including hundreds of SNAP-eligible food items imported from Africa not found in many other SNAP-authorized retail food stores in Baltimore County.

17.  At all times relevant hereto through February 22, 2016, Randallstown was a "retail food store" authorized by FNS to redeem SNAP benefits. Randallstown's FNS-issued SNAP authorization number was 0299353.

18.  On January 13, 2016, FNS Retailer Operations Division ("ROD") charged Randallstown with trafficking in violation of FNS's SNAP regulations ("Charge Letter").

19.  The Charge Letter sets forth four categories of trafficking violations that FNS contended Randallstown allegedly engaged in, in violation of its SNAP regulations. These categories are:

- Multiple purchase transactions were made too rapidly to be credible;

- Multiple transactions were made from individual benefit accounts in unusually short time frames;

- The majority or all of individual recipient benefits were exhausted in unusually short periods of time; and

- Excessively large purchase transactions were made from recipient accounts.

20.  The Charge Letter was accompanied by four attachments, each of which set forth incomplete and redacted information about those transactions which FNS contended

"establish clear and repetitive patterns of unusual, irregular, and inexplicable activity for your type of firm."

21. Trafficking is defined, *inter alia,* as the exchange of food stamps for cash, alcohol, tobacco or other ineligible food products. 7 C.F.R. §271.2.

22. The penalty for trafficking is the <u>permanent</u> disqualification of the store, its owners, officers and/or managers from SNAP. 7 C.F.R. §278.6(e)(1).

23. On or about January 19, 2016, Randallstown's owners responded in writing to the Charge Letter.

24. On February 22, 2016, FNS issued its initial determination permanently disqualifying Randallstown from participation in SNAP as an authorized retailer ("Initial Determination").

25. Under FNS regulations and policies, the owners, officers, and managers of authorized retail food stores permanently disqualified from participation in SNAP lack business integrity to be authorized SNAP retailers at any other retail food store. 7 C.F.R. §278.1(b)(3).

26. As a result of FNS's permanent disqualification of Randallstown, Okoroji and Isabemoh are, in effect, permanently disqualified from being an owner, officer, or manager at any retail food store that is or seeks to be SNAP-authorized.

27. On March 3, 2016, Randallstown timely requested an administrative review of the Initial Determination, pursuant to 7 C.F.R. §279.1 *et seq.*, and submitted a written response to FNS's Administrative Review Branch ("ARB") in support thereof at that time.

28. Randallstown's written response in support of its request for administrative review conclusively rebutted FNS's trafficking determination.

29. On November 15, 2016, Lorie L. Conneen, an FNS Administrative Review Officer, ("ARO Conneen") issued FNS's FAD.

30. The FAD held that "there is sufficient evidence to support a finding that a Permanent Disqualification from participation as an authorized retailer in the Supplemental Nutrition Assistance Program ("SNAP") was properly imposed against Randallstown African Market International [sic][] by the Retailer Operations Division []." FAD, at 1. A copy of the FAD is attached hereto as Exhibit A.

31. In the FAD, FNS rejected all of Randallstown's arguments, notwithstanding the evidence submitted by the store and the absence of contradictory direct or circumstantial evidence.

32. FNS's FAD relied upon records and other information in FNS's possession which was never provided to Randallstown, including its EBT Case Analysis.

33. FNS's FAD was based on numerous incorrect factual determinations, including the determination that Randallstown had only one operational register and had two EBT terminals.

34. FNS's FAD also relied upon incorrect and misleading statements from FNS's contractor, including the alleged lack of a storage room or walk-in freezer.

35. FNS also relied upon undisclosed analyses of other authorized retail food stores in the vicinity and the shopping habits of SNAP beneficiaries that shopped at Randallstown and at other SNAP-authorized stores.

36. FNS's Charge Letter was based upon a computerized analysis of EBT transactions through FNS's ALERT system, not an on-site, in-person undercover investigation.

37. The FAD was premised upon review of EBT transactions at Randallstown.

38. The FAD was not based upon any declarations or affidavits from any USDA, FNS, or contractor which affirmed that any Randallstown owner, member, officer, director, or employee provided cash, alcohol, drugs, or any other ineligible product in exchange for EBT.

39. Neither the Food and Nutrition Act of 2008 nor FNS's SNAP regulations nor any other issuance by FNS defines or describes what constitutes "unusual, irregular, and inexplicable activity."

40. Neither the Food and Nutrition Act of 2008 nor FNS's SNAP regulations nor any other issuance by FNS defines or describes what constitutes "unusually short time frames."

41. Neither the Food and Nutrition Act of 2008 nor FNS's SNAP regulations nor any other issuance by FNS defines or describes what constitutes "excessively large purchase transactions."

42. Unlike cases involving undercover FNS investigators or contractors, none of the "evidence" compiled by FNS prior to or during administrative proceedings against Randallstown is direct evidence of trafficking. Instead, all of the evidence relied upon by FNS is, at most, circumstantial.

43. The FAD is FNS's final administrative determination that its permanent disqualification of Randallstown from participation as an authorized SNAP retailer was properly imposed.

44. The FAD was based on an arbitrary and capricious interpretation of the Food and Nutrition Act of 2008 and FNS's food stamp regulations.

45. In its FAD, FNS incorrectly determined that a preponderance of the evidence demonstrated that Randallstown engaged in trafficking, in violation of the Food and Nutrition Act of 2008 and FNS's SNAP regulations.

46. In the FAD, FNS acted arbitrarily and capriciously in concluding that Randallstown engaged in trafficking in violation of the Food and Nutrition Act of 2008 and FNS's SNAP regulations.

47. FNS's permanent disqualification of Randallstown is premised upon an erroneous, unsupportable, and arbitrary and capricious interpretation of 7 C.F.R. § 278.6.

48. In issuing the FAD, FNS acted arbitrarily and capriciously by failing to consider all information submitted by or related to Randallstown and in its possession and that of state SNAP agencies, including the Maryland and Pennsylvania Departments of Human Services.

## COUNT I – REVIEW OF FINAL AGENCY ACTION PURSUANT TO 7 U.S.C. §2023 AND 7 C.F.R §279

49. Plaintiffs repeat and re-allege paragraphs 1 through 48 as if fully set forth herein.

50. FNS's permanent disqualification of Randallstown from participation in SNAP was invalid, unreasonable, arbitrary and capricious, unsupported by the evidence, and should be reversed.

51. FNS's permanent disqualification of Randallstown from participation in SNAP should be reversed because the FAD was improperly issued, invalid, arbitrary and capricious, and unsupportable under law.

52. The permanent disqualification of Randallstown from participating in SNAP should be reversed because FNS failed to consider all evidence related to the store and the trafficking charges.

53. The permanent disqualification of Randallstown from participating in SNAP should be reversed because FNS failed to interview a single SNAP beneficiary whose EBT card was used at the store.

54. The FAD should be reversed because a permanent disqualification of Randallstown from participating in SNAP is unreasonable and excessive in light of the circumstances.

55. Permanent disqualification of Randallstown from participating in SNAP is irrational and in violation of the Due Process Clause of the United States Constitution.

56. Permanent disqualification of Randallstown from participating in SNAP is not rationally related to any legitimate governmental interest.

57. Permanent disqualification of Randallstown from participating in SNAP is inconsistent with Congressional intent in enacting the Food and Nutrition Act of 2008.

58. Permanent disqualification of Randallstown from participating in SNAP represents agency action beyond the scope of authority granted by Congress to FNS when it delegated power to FNS to promulgate and enforce reasonable regulations in the Food and Nutrition Act of 2008.

59. FNS's permanent disqualification of Randallstown from participating in SNAP based upon circumstantial evidence represents agency action beyond the scope of authority granted by Congress to FNS when it delegated the power to promulgate and enforce reasonable regulations pursuant to the Food and Nutrition Act of 2008.

60. FNS's permanent disqualification of Randallstown from participating in SNAP based on the Charge Letter is inconsistent with a disqualification for a "reasonable period of time."

61. FNS's determination that it was without authority to consider a penalty other than permanent disqualification of Randallstown from participating in SNAP is invalid and erroneous.

62. Plaintiffs respectfully request a *de novo* review of FNS's FAD which permanently disqualified Randallstown from participating in the SNAP.

WHEREFORE, Plaintiff Randallstown African International Market, Alvan Okoroji, and Elizabeth Isabemoh respectfully request that this Court, after conducting a *de novo* review of the FAD, enter judgment in their favor and against the United States, and issue an Order granting the following relief:

(a) Reversing the FAD;

(b) Preliminarily and permanently enjoining FNS from denying Randallstown authorization to participate in SNAP based upon the Initial Determination, the FAD, or the alleged violations in the Charge Letter;

(c) Directing FNS to restore Randallstown's SNAP authorization;

(d) Awarding Randallstown an amount equal to its reasonable attorneys' fees and costs; and

(e) Such other and further relief as the Court may deem just and proper.

## COUNT II – VIOLATION OF THE DUE PROCESS CLAUSE OF THE UNITED STATES CONSTITUTION

63. Plaintiffs repeat and re-allege the allegations contained in paragraphs 1 through 62 as though fully set forth herein.

64. The Plaintiffs are entitled to due process of law under the United States Constitution before FNS can permanently disqualify them from participation in SNAP as an authorized retailer.

65. The administrative process that FNS provides in SNAP retailer disqualification cases is arbitrary and capricious and does not comport with due process.

66. FNS's administrative proceedings in SNAP retailer disqualification cases are arbitrary and capricious and do not comport with due process because:

- FNS does not provide retailers charged with trafficking and other program offenses with all relevant records and other information in its possession related to the store and the charges;

- FNS requires retailers to submit Freedom of Information Act ("FOIA") requests to obtain <u>any</u> records in FNS's possession related to alleged trafficking and/or other program violations;

- In responding to FOIA requests triggered by administrative trafficking and/or other SNAP program violations charges, FNS requires retailers to pay for the cost of obtaining such records, even when such requests are related to defending against trafficking and other program violations charges which could result in the permanent loss of a store's SNAP authorization;

- In responding to FOIA requests from retailers triggered by administrative trafficking and/or other SNAP program violations charges, FNS typically asserts a multitude of statutory and other exemptions.

- In responding to FOIA requests from retailers triggered by administrative trafficking and/or other SNAP program violations charges, FNS has a policy of redacting the majority of its Electronic Benefit Transfer (EBT) Case Analysis, a key record it prepares in connection with the issuance of a charge letter to retailers charged with trafficking;

- Retailers that file administrative appeals of FNS's assertion of exemptions in response to FOIA requests frequently wait years for issuance of a decision. During 2016, FNS issued fewer than 10 FOIA Appeal decisions, notwithstanding a backlog of more than 400 pending FOIA appeals, many more than two years old. During this time, potentially exculpatory evidence grows stale and potential witnesses frequently move and/or die;

11

- FNS, in the context of making initial determinations and final agency decisions, relies upon records never disclosed to retailers, including unredacted versions of EBT Case Analyses; and

- During judicial review proceedings, the entire unredacted administrative record (including, but not limited to the unredacted EBT Case Analysis, household EBT shopping history, and other information never disclosed to a retailer during administrative proceedings) is discoverable and typically produced by FNS without request during initial disclosures pursuant to Fed. R. Civ. P. 26.

67. Retailers often decline to file FOIA requests and/or FOIA appeals because of the lengthy delays associated with such requests.

68. FNS's standard charge letter, which provides retailers with only 10 days to respond, is unreasonably short and violates the due process clause of the U.S. Constitution.

69. FNS's standard initial determination letter provides no detail or explanation to the retailer regarding its reasoning for its decision. FNS's initial determination letters typically provides no substantive information other than that the agency has determined that the violations have occurred. FNS's failure to provide additional information in its initial determination letters violates the due process clause of the U.S. Constitution.

70. FNS's regulations, which provide retailers charged with trafficking and other program violations with only 10 days to seek administrative review, is unreasonably short and violates the due process clause of the U.S. Constitution.

71. FNS's acts and omissions during administrative proceedings deprived the Plaintiffs of due process under law.

72. FNS's acts and omissions during administrative proceedings against the Plaintiffs were unreasonable, inequitable, in excess of the authority granted to it by Congress, and arbitrary and capricious, in violation of the due process clause of the U.S. Constitution.

73. FNS's Final Agency Decision determining that Randallstown engaged in trafficking in violation of its SNAP regulations was premised upon arbitrary and capricious categories, including "unusual, irregular, and inexplicable activity," "unusually short time frames," and "excessively large purchase transactions."

74. At no time has FNS promulgated any regulations or issued any policy statements or guidance defining "unusual, irregular, and inexplicable activity."

75. At no time has FNS promulgated any regulations or issued any policy statements or guidance defining "unusually short time frames."

76. At no time has FNS promulgated any regulations or issued any policy statements or guidance defining "excessively large purchase transactions."

77. At no time has FNS promulgated any regulations or issued any policy statements or guidance defining what "multiple purchase transactions were made too rapidly to be credible" means.

78. At no time has FNS promulgated any regulations or issued any policy statements or guidance defining what "multiple transactions were made from individual benefit accounts in unusually short time frames" means.

79. At no time has FNS promulgated any regulations or issued any policy statements or guidance defining what "the majority or all of individual recipient benefits were exhausted in unusually short periods of time" means.

80. At no time has FNS promulgated any regulations or issued any policy statements or guidance defining what "excessively large purchase transactions were made from recipient accounts" means.

81.     FNS redacted the majority of each EBT card number for each beneficiary that redeemed EBT at Randallstown for each transaction listed on each attachment to the Charge Letter.  By redacting the EBT card numbers and by failing to provide (or make available from state agencies that issue EBT cards to SNAP beneficiaries) the entirety of those beneficiaries' EBT card numbers and other personally identifying information, FNS prevented Randallstown (and prevents other retailers charged with trafficking and other program violations) from contacting those SNAP beneficiaries whose EBT cards were used at Randallstown.

82.     FNS's FAD determined that each of the transactions set forth in the Charge Letter were instances of trafficking in violation of its SNAP regulations.

83.     FNS, by failing to produce (or to permit state agencies to produce) records and other information which would permit retailers to contact their customers in order to defend against the trafficking charges, violated the due process clause of the United States Constitution.  FNS's acts and omissions are particularly egregious in light of the discoverability of all such information during judicial review proceedings.

84.     FNS does not publish Final Agency Decisions in SNAP retailer cases on its website, in violation of FOIA.  FNS's failure to publish its Final Agency Decisions on its website constitutes an independent due process violation inasmuch as retailers do not have the benefit of reviewing the body of administrative law that FNS relies upon in issuing initial determinations and Final Agency Decisions.

85.     FNS utilized its ALERT system as support for concluding that Randallstown (and other authorized retail food stores) engaged in trafficking in violation of FNS's SNAP regulations.

86.     FNS placed undue reliance upon its ALERT system and ignored well-founded explanations for each transaction listed on the attachments to the Charge Letter in

determining that Randallstown engaged in trafficking, thereby depriving the Plaintiffs of a property interest in their SNAP license without due process of law.

87. FNS's ALERT system does not take into account retailer-specific circumstances, including the volume of a retail food store's purchases, its sales of bulk items and/or ethnic foods not carried at other SNAP retailers in the vicinity.

88. A higher than expected volume of a retail food store's purchases, its sales of bulk items and/or ethnic foods not carried at other SNAP retailers in the vicinity may account for EBT redemption at levels higher than anticipated by FNS.

89. FNS's ALERT system does not take into account the agency's equal treatment regulations which require, *inter alia*, retailers to redeem any or all of a SNAP beneficiaries' SNAP benefits without regard to the type of eligible food items purchased.

90. FNS's ALERT system does not take into account the agency's equal treatment regulations which require, *inter alia*, retailers to redeem any or all of a SNAP beneficiaries' SNAP benefits without regard to the amount of SNAP benefits remaining on the beneficiary's EBT card after the transaction.

91. FNS's ALERT system does not take into account that SNAP beneficiaries are permitted to redeem EBT for any eligible food items, including the entirety of their monthly allotment for a single eligible food item, including soda or candy.

92. FNS's ALERT system does not take into account that SNAP-authorized retailers may not refuse to redeem EBT for eligible food items for any reason, including permitting persons who are not named or pictured on an EBT card to redeem SNAP benefits.

93. SNAP-authorized retailers are not permitted to ask EBT cardholders for identification.

94. Randallstown was not afforded the opportunity to evaluate and respond to all of the evidence in FNS's possession when it issued the Charge Letter.

95. Randallstown was not afforded the opportunity to evaluate and respond to all of the evidence used by FNS in making its initial determination.

96. Randallstown was not afforded the opportunity to evaluate and respond to all of the evidence used by FNS during ARB proceedings.

97. Randallstown was not afforded the opportunity to evaluate and respond to all of the evidence reviewed and/or relied upon by FNS in making its Final Agency Decision.

98. Requiring retailers to await judicial review proceedings before they are permitted to review all of the evidence in FNS's possession and relied upon by Administrative Review Officers and other FNS officials is a due process violation.

99. FNS's administrative procedure is Kafka-esque, deprives SNAP retailers from their due process rights, and has no place in federal administrative practice. A federal administrative proceeding which does not concern national security in which the accused does not have the right to examine all of the evidence in the government's possession does not satisfy constitutional concerns.

100. FNS is not a national security agency.

101. FNS is not a law enforcement agency.

102. FNS investigators are not authorized by federal law to carry firearms or other weapons when conducting investigations of SNAP retailers.

103. As a direct and proximate result of FNS's acts and omissions in interpreting and enforcing its SNAP regulations, Randallstown was deprived of a meaningful opportunity to respond to the allegations in the Charge Letter and to administratively appeal the initial FNS determination in violation of the due process clause of the U.S. Constitution.

WHEREFORE, Plaintiff Randallstown respectfully requests that this Court enter a preliminary and permanent injunction in its favor and against the United States of America and issue an Order granting the following relief:

(a)   Declaring that FNS violated the Plaintiffs' Due Process rights during administrative proceedings;

(b)   Preliminarily and permanently enjoining FNS from requiring Randallstown and other SNAP retailers to submit FOIA requests in order to obtain information about alleged trafficking charges or other program violations;

(c)   Preliminarily and permanently enjoining FNS from requiring SNAP retailers to pay for the costs associated with the agency's preparation of responses to FOIA requests when those records are sought in connection with alleged trafficking charges or other program violations;

(d)   Requiring FNS to affirmatively produce all records and other information in its possession likely to lead to the discovery of admissible evidence related to charge letters it issues in SNAP cases;

(e)   Vacating the Final Agency Decision;

(f)   Directing FNS to restore Randallstown's SNAP authorization;

(g)   Awarding Randallstown an amount equal to reasonable attorneys' fees and costs; and

(h)   Such other and further relief as the Court may deem just and proper.

## **JURY DEMAND**

Plaintiffs hereby demand a trial by jury of all issues so triable.

Dated this 20th day of December, 2016.

 /s/ J. Mason Weeda
J. Mason Weeda, Esq.
Maryland Bar No. 18276
Stewart D. Fried, Esq. (*Pro Hac Vice* pending)
Olsson Frank Weeda Terman Matz PC
600 New Hampshire Avenue, N.W.  #500
Washington, D.C. 20037
sfried@ofwlaw.com
(202) 518-6326
(202) 234-3550 Facsimile

Attorneys for Plaintiffs