# CONFIDENTIAL

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

RANDALLSTOWN AFRICAN
INTERNATIONAL MARKET, LLC, et
al.,

        Plaintiffs,

        v.

UNITED STATES,

        Defendant.

\*                    

Case No.: 1:16-cv-04050-GLR

## DEFENDANT'S RESPONSES TO
## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant United States of America ("Defendant" or "United States"), by counsel, Stephen M. Schenning, Acting United States Attorney, and Kelly M. Marzullo, Assistant United States Attorney, pursuant to Rule 34 of the Federal Rules of Civil Procedure and District of Maryland Local Rule 104, submits these objections and responses to Plaintiff's First Request for Production of Documents.

## RESERVATIONS

1.    These responses are made without in any way waiving or intending to waive, but, on the contrary, intending to preserve:

        a.    All objections as to competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose in subsequent proceedings or the trial of this or any other action;

        b.    The right to object to the use of any information that may be provided, or the subject matter thereof, if any subsequent proceedings or the trial of this or any other action on any other grounds;

1



c.    The right to object on any ground at any time to further discovery

proceedings involving or relating to the subject matter of these requests;

and

d.    The right at any time to revise, correct, supplement, clarify, or amend this

response in accordance with the Federal Rules of Civil Procedures, Local

Rules of the United States District Court for the District of Maryland, or

any order entered by this Court.

2.    All responses to requests for production of documents are based on Defendant's

best understanding of the requests and/or the terms used therein. Such responses cannot properly

be used as evidence except in the context in which Defendant understood the requests and/or the

terms used therein.

3.    These responses are not a representation or concession as to the relevance and/or

relationship of this information to this action.

## OBJECTIONS AND RESPONSES TO REQUESTS

**REQUEST NO. 1**: Please produce all records related to, concerning, and/o supporting
FNS's Final Agency Decision, including, but not limited to, all records related to each and every
ground or argument set forth by Randallstown in its written response in support of its Request for
Administrative Review and discussed in the Final Agency Decision.

**RESPONSE**: Documents responsive to this Request are located in the Administrative

Record, which the Unites States has produced to Plaintiffs.

**REQUEST NO. 2**: Please produce all records related to, concerning, or supporting the
issuance of FNS's Charge Letter.

**RESPONSE**: Documents responsive to this Request are located in the Administrative

Record, which the Unites States has produced to Plaintiffs.

**REQUEST NO. 3**: Please produce all records reviewed or relied upon by FNS in connection with the issuance of FNS's Charge Letter.

**RESPONSE**: Documents responsive to this Request are located in the Administrative Record, which the Unites States has produced to Plaintiffs.

**REQUEST NO. 4**: If you, or anyone acting on your behalf, has obtained any written, typed, recorded, transcribed statements, or information obtained through any other means of tangible data compilation from any person with regard to the allegations in the Complaint, the charges set forth in the Charge Letter, and/or which support the factual findings or legal conclusions in the Final Agency Decision, produce same for inspection and copying.

**RESPONSE**: Documents responsive to this Request are located in the Administrative Record, which the Unites States has produced to Plaintiffs.

**REQUEST NO. 5**: If you, or anyone acting on your behalf, have obtained any photographs, videos, or other information retained by any other means of tangible data compilation, with regard to the allegations in the Complaint, the charges set forth in the Charge Letter, and/or which support the factual findings or legal conclusions in the Final Agency Decision, please produce same for inspection and copying.

**RESPONSE**: Documents responsive to this Request are located in the Administrative Record, which the Unites States has produced to Plaintiffs.

**REQUEST NO. 6**: If you, or anyone acting on your behalf, have obtained any written, typed, recorded, transcribed statements, or information obtained through any other means of tangible data compilation, relating to the acceptance, use or redemption of SNAP benefits at Randallstown, please produce same for inspection and copying.

**RESPONSE**: The United States will produce documents responsive to this Request. The United States further responds that documents responsive to this Request are located in the Administrative Record, which the Unites States has produced to Plaintiffs.

**REQUEST NO. 7**: Please produce for inspection and copying each and every document you contend supports the allegations in the Charge Letter.

**RESPONSE**: Documents responsive to this Request are located in the Administrative Record, which the Unites States has produced to Plaintiffs.

**REQUEST NO. 8**: Please produce for inspection and copying each and every document you contend supports any factual finding in the Final Agency Decision.

**RESPONSE**: Documents responsive to this Request are located in the Administrative Record, which the Unites States has produced to Plaintiffs.

**REQUEST NO. 9**: Please produce for inspection and copying each and every document you contend supports any legal conclusion in the Final Agency Decision.

**RESPONSE**: Documents responsive to this Request are located in the Administrative Record, which the Unites States has produced to Plaintiffs.

**REQUEST NO. 10**: Please produce for inspection and copying complete copies of any and all records, documents, graphs, charts, reports, electronic and/or tangible material and/or other written material that supports any affirmative defense to the allegations set forth in the Complaint.

**RESPONSE**: None; the United States has not asserted any affirmative defenses to the Complaint.

**REQUEST NO. 11**: Please produce for inspection and copying complete copies of any and all documents, graphs, maps, charts, reports, electronic and/or tangible material and/or other written material that supports your responses to the Randallstown's First Set of Interrogatories or would otherwise be responsive to any aspect of the information sought or described by said Interrogatories.

**RESPONSE**: The United States objects to this Request on the ground that the phrases "supports your responses to . . . Interrogatories" and "responsive to any aspect of the information sought or described by said Interrogatories" are vague and ambiguous. The United States construes this Request to seek, and the United States will provide, all documents relied upon in responding to, referred to, or identified in its Answers to Plaintiff's First Set of Interrogatories.

**REQUEST NO. 12**: Please produce a copy of each and every exhibit you intend to rely on or introduce at the trial of this matter.

**RESPONSE**: The United States objects to this Request on the ground that it is premature and to the extent that it imposes obligations on the United States over and above those imposed by

4

the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Maryland, and any order(s), including, but not limited to, any pretrial order(s), entered by the Court in this case. Subject to and without waiving the foregoing objections, the United States will identify and make its exhibits available for review and copying prior to trial in accordance with the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Maryland, and any order(s), including, but not limited to, any pretrial order(s), entered by the Court in this case.

**REQUEST NO. 13**: Please produce for inspection and copying all records related to each and every communication the United States (including, but not limited to FNS and the Department of Justice) has had with any person (including the Plaintiffs) between January 1, 2015 and the present, related to Randallstown's SNAP authorization, the Charge Letter and the Final Agency Decision.

**RESPONSE**: The United States objects to this Request on the ground that it seeks records concerning communications between the United States and its attorneys related to Randallstown African International Market's authorization to participate in SNAP, the Charge Letter, and the Final Agency Decision that occurred after the date on which this litigation commenced and, thus, is protected from disclosure by the attorney-client privilege. The United States further objects to this Request on the ground that it is overbroad in that it seeks records concerning communications that "the United States," without limitation, has had with any person related to Randallstown African International Market's authorization to participate in SNAP, the Charge Letter, and the Final Agency Decision; the United States construes this Request to seek records concerning communications between the USDA, FNS and any person related to Randallstown African International Market's authorization to participate in SNAP, the Charge Letter, and the Final Agency Decision. Based on that construction, and subject to and without waiving the foregoing objections, the United States will produce documents responsive to this Request. The United States

further responds that documents responsive to this Request are located in the Administrative Record, which the Unites States has produced to Plaintiffs.

**REQUEST NO. 14**: For each person or household whose EBT Card was referenced in the attachments to the Charge Letter, please produce all records related to such person or household's use of an EBT Card between January 1, 2015, and the present.

**RESPONSE**: The United States object to this Request on the ground that it seeks personally identifiable information that is protected by the privacy rights of non-parties to this action. *See* 5 U.S.C. § 552. The United States further objects to this Request on the ground that the requested information is not within its possession, custody, or control. Subject to and without waiving the foregoing objections, the United States responds that documents responsive to this Request are located in the Administrative Record, which the United States has produced to Plaintiffs.

**REQUEST NO. 15**: Please produce all records supporting or relating to any determination nu FNS that each of the transactions set forth in each of the attachments to the Charge Letter constituted trafficking in violation of FNS's SNAP regulations.

**RESPONSE**: The United States objects to this Request on the ground that it misstates and mischaracterizes the Charge Letter and the Administrative Record. FNS was not required to "determine[] . . . that each of the transactions set forth in each of the attachments to the Charge Letter constituted trafficking" before issuing the Charge Letter. Rather, FNS determined that a preponderance of the evidence showed that Randallstown African International Market engaged in trafficking, *i.e.*, that it was more likely than not that trafficking occurred. The transactions identified in the attachments to the Charge Letter supported this determination. Once FNS issued the Charge Letter, the burden shifted to Randallstown African International Market to provide a legitimate explanation for the identified transactions, which it failed to do. Subject to the foregoing

objection, the United States responds that documents responsive to this Request are located in the Administrative Record, which the Unites States has produced to Plaintiffs.

**REQUEST NO. 16**: Please produce all manuals, handbooks, guidance, memoranda, and other records supporting or relating to FNS's ALERT system.

**RESPONSE**: The United States objects to this Request on the ground that the phrase "supporting . . . FNS's ALERT system" is vague and ambiguous; the United States does not know what that phrase means. The United States construes this Request to seek "manuals, handbooks, guidance, memoranda, and other records . . . relating to FNS's ALERT system," and further objects to this Request, as so construed, on the ground that it is overbroad and seeks documents that are not relevant to any party's clam or defense. Based on the foregoing construction, and subject to and without waiving the foregoing objections, the United States will produce FNS policy memoranda and standard operating procedures relating to the use and analysis of ALERT system data.

**REQUEST NO. 17**: Please produce all records supporting a preliminary or final determination or conclusion that the transactions set forth in the attachments to the Charge Letter are "suspicious transactions."

**RESPONSE**: The United States objects to this Request on the ground that it misstates and mischaracterizes the Charge Letter and the Administrative Record. Subject to the foregoing objection, the United States responds that documents responsive to this Request are located in the Administrative Record, which the Unites States has produced to Plaintiffs.

**REQUEST NO. 18**: Please produce all records concerning or relating to any and all reports, complaints, or tips made by any person, to any federal, state, or local agency, department, division service, office, or official (including, but not limited to FNS, USDA's Office of Inspector General, or Maryland Department of Human Resources) related to violation of the Food & Nutrition Act of 2008, any SNAP regulations, or the improper use or misuse of an EBT card by any person or entity at Randallstown.

**RESPONSE**: The United States objects to this Request on the ground that it seeks records relating to "reports, complaints, or tips made . . . to" state and local agencies that are not within its possession, custody, or control. Subject to and without waiving the foregoing objection, the United States responds: none.

**REQUEST NO. 19**: For each expert witness that you have identified, please produce for inspection and copying a copy of his or her curriculum vitae or statement of qualifications and copies of all deposition or trial transcripts at which they provided oral or written testimony.

**RESPONSE**: The United States objects to this Request on the ground that is premature and to the extent that it imposes obligations on the United States over and above those imposed by the Federal Rules of Civil Procedure and the scheduling order entered in this case. Subject to and without waiving the foregoing objections, the United States will make expert disclosures in accordance with the Federal Rules of Civil Procedure and the scheduling order entered in this case.

**REQUEST NO. 20**: Please produce all records reviewed by any expert retained by the Defendant(s) related to any opinion to which he or she is expected to testify about at trial.

**RESPONSE**: The United States objects to this Request on the ground that is premature and to the extent that it imposes obligations on the United States over and above those imposed by the Federal Rules of Civil Procedure and the scheduling order entered in this case. Subject to and without waiving the foregoing objections, the United States will make expert disclosures in accordance with the Federal Rules of Civil Procedure and the scheduling order entered in this case.

**REQUEST NO. 21**: Please produce all records related to or concerning the administrative procedures that FNS utilized or followed, including any forensic or other investigations conducted by FNS, OIG, or any other person or entity, related to the Charge Letter.

**RESPONSE**: The United States objects to this Request on the ground that it seeks records relating to "any forensic or other investigations conducted by . . . any other person or entity" that are not within its possession, custody, or control. Subject to and without waiving the foregoing

objection, the United States responds that documents responsive to this Request are located in the Administrative Record, which the Unites States has produced to Plaintiffs.

**REQUEST NO. 22**: Please produce all records related to or concerning the administrative procedures that FNS utilized or followed, including any forensic or other investigations conducted by FNS, OIG, or any other person or entity, related to the Final Agency Decision.

**RESPONSE**: The United States objects to this Request on the ground that it seeks records relating to "any forensic or other investigations conducted by . . . any other person or entity" that are not within its possession, custody, or control. Subject to and without waiving the foregoing objection, the United States responds that documents responsive to this Request are located in the Administrative Record, which the Unites States has produced to Plaintiffs.

**REQUEST NO. 23**: Please produce all handbooks, manuals, standard operating practices, standard operating procedures, training materials, training guides, guidelines, or guidance documents relating to EBT trafficking by retail food stores were in force on November 15, 2016.

**RESPONSE**: The United States objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks information that is not relevant to any party's claim or defense. The United States construes this Request to seek "handbooks, manuals, standard operating practices, standard operating procedures, training materials, training guides, guidelines, or guidance documents" related to FNS's analysis of ALERT data to identify patterns of EBT transactions indicative of trafficking and FNS's determination of whether to pursue administrative action against EBT retailers based thereon. Based on that construction, and subject to and without waiving the foregoing objections, the United States refers Plaintiffs to its response to Request Number 16.

**REQUEST NO. 24**: Please produce all records supporting each defense or affirmative defense to the Complaint.

**RESPONSE**: None; the United States has not asserted any affirmative defenses to the Complaint.

**REQUEST NO. 25**: Please produce all records supporting each denial to any Request for Admission.

**RESPONSE**: None; Plaintiffs have not served any Requests for Admission.

**REQUEST NO. 26**: Please produce copies of all deposition transcripts for each witness noticed for deposition pursuant to Fed. R. Civ. P. 30(b)(6) in any action for judicial review of a FNS Final Agency Decision concerning the permanent disqualification of a SNAP retailer for trafficking, regardless of whether the Final Agency Decision was later reversed, withdrawn, or rescinded or if the retailer was later re-authorized.

**RESPONSE**: The United States objects to this Request on the ground that it is overbroad in that it is unlimited in scope as to time. The United States further objects to this Request on the ground that it seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the requested information in resolving the issues in this case, and the undue burden on the United States of compiling and providing the requested information, which substantially outweighs its likely benefit. The testimony of prior FNS deponents designated pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure in civil actions for judicial review filed against the United States is not relevant to Plaintiffs' civil action for judicial review of the Final Agency Decision against it. Moreover, the United States has not compiled or maintained a list of such actions or such deponents, and, given the lack of relevance or importance of such information and the undue burden that compiling such information would place on the United States, the transcripts requested in this Request are not proportional to the needs of this case.

**REQUEST NO. 27**: Please produce copies of all deposition transcripts for all depositions of FNS officials, employees, and experts (other than witnesses noticed pursuant to Fed. R. Civ. P. 30(b)(6)) produced by the United States in any action for judicial review of a FNS Final Agency

Decision concerning the permanent disqualification of a SNAP retailer for trafficking, regardless of whether the Final Agency Decision was later reversed, withdrawn, or rescinded or if the retailer was later re-authorized.

**RESPONSE**: The United States objects to this Request on the ground that it is overbroad in that it is unlimited in scope as to time. The United States further objects to this Request on the ground that it seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the requested information in resolving the issues in this case, and the undue burden on the United States of compiling and providing the requested information, which substantially outweighs its likely benefit. The testimony of prior FNS officials, employees, or experts in civil actions for judicial review filed against the United States is not relevant to Plaintiffs' civil action for judicial review of the Final Agency Decision against it. Moreover, the United States has not compiled or maintained a list of such actions or such deponents, and, given the lack of relevance or importance of such information and the undue burden that compiling such information would place on the United States, the transcripts requested in this Request are not proportional to the needs of this case.

**REQUEST NO. 28**: Please produce copies of all records exchanged between and among the United States (including FNS), the Maryland Department of Human Resources, and any local agency in Maryland which concerns or related to the redemption of EBT at Randallstown since January 1, 2015.

**RESPONSE**: The United States will produce documents responsive to this Request. The United States further responds that documents responsive to this Request are located in the Administrative Record, which the Unites States has produced to Plaintiffs.

CONFIDENTIAL

Respectfully submitted,

Stephen M. Schenning
Acting United States Attorney

Kelly M. Marzullo (Bar No. 28036)
Assistant United States Attorney
36 South Charles Street, 4th Floor
Baltimore, Maryland 21201
(410) 209-4800
(410) 962-2310 (fax)
kelly.marzullo@usdoj.gov

CONFIDENTIAL

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 8th day of May 2017, a copy of the foregoing Responses to Plaintiff's First Request for Production of Documents was served, via e-mail and U.S. mail, first class, postage prepaid, on:

> Stewart D. Fried
> Olsson Frank Weeda Terman Matz PC
> The Watergate
> 600 New Hampshire Avenue, N.W.
> Suite 500
> Washington, DC 20037
> sfried@ofwlaw.com

Kelly M. Marzullo (Bar No. 28036)
Assistant United States Attorney
36 South Charles Street, 4th Floor
Baltimore, Maryland 21201
(410) 209-4800
(410) 962-2310 (fax)
kelly.marzullo@usdoj.gov