IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RANDALLSTOWN AFRICAN INTERNATIONAL MARKET, LLC, et al., | * | |
| | * | |
| Plaintiffs, | * | Case No.: 1:16-cv-04050-GLR |
| v. | * | |
| UNITED STATES, | * | |
| Defendant. | * | |

## DEFENDANT'S OBJECTIONS TO PLAINTIFFS' SECOND AMENDED NOTICE OF DEPOSITION TO UNITED STATES

Defendant United States of America ("Defendant" or "United States"), by undersigned counsel, hereby objects to Plaintiffs' Second Amended Notice of Taking Deposition Pursuant to Fed. R. Civ. P. Rule 30(b)(6) (the "Second Amended NOD"). Defendant responds and objects to the specific subject matters in Exhibit A to the Second Amended NOD as follows:

1. Defendant objects to subject matter 1 on the ground that it seeks information protected from disclosure by the law enforcement privilege; disclosure of this information would compromise the ability of the United States Department of Agriculture ("USDA") to discover illegal electronic benefit transfer ("EBT") activity and allow retailers to avoid detection. *See generally* 5 U.S.C. § 552(b)(7)(E) (prohibiting disclosure of guidelines for law enforcement investigations when disclosure could reasonably be expected to risk circumvention of the law); *Puerto Rico v. United States*, 490 F.3d 50, 64 (1st Cir. 2007) (finding that the law enforcement privilege is properly utilized when disclosure would "jeopardize future criminal investigations").

Defendant further objects to subject matter 1 on the ground that it is not relevant to any party's claim or defense. Randallstown African International Market was charged with trafficking

in violation of 7 C.F.R. § 278.6(e)(1) following an analysis of its EBT transactions, which revealed "clear and repetitive patterns of unusual, irregular, and inexplicable activity for [its] type of firm." Charge Letter, A.R. 135. Randallstown African International Market was then given an opportunity to respond to the charges pursuant to 7 C.F.R. § 278.6(c). To be sure, the analyses of the ALERT system scans of Randallstown African International Market's EBT transactions was not dispositive of the trafficking charges against it.

Defendant further objects to subject matter 1 on the ground that it is overbroad in that it seeks testimony related to thresholds for patterns of EBT transactions that did not form the basis of Randallstown African International Market's trafficking charges.

Defendant further objects to subject matter 1 on the ground that it is vague and ambiguous with reference to the second bullet point; Defendant construes the second bullet point to seek testimony concerning thresholds related to ALERT system scans of EBT transactions.

Defendant further objects to subject matter 1 on the ground that it is vague and ambiguous with reference to the third bullet point; Defendant construes the third bullet point to seek testimony concerning thresholds above which ALERT system scans of EBT transactions are indicative of trafficking.

With reference to the fourth bullet point of subject matter 1, Defendant states the there are no "[t]hresholds related to the issuance of Charge Letters."

Defendant further objects to subject matter 1 on the ground that that it is overbroad with reference to the fifth bullet point; it is unlimited in scope as to Supplemental Nutrition Assistance Program ("SNAP") statues and regulations and, in particular, is not limited to the SNAP statutes and regulations that Randallstown African International Market was charged with violating.

2.      Defendant objects to subject matter 2 on the grounds that it is overly broad and lacks specificity. This subject matter does not sufficiently identify the specific "guidance, handbook provisions, procedures[], and policies" (collectively, "policies") about which the plaintiffs seek testimony. This subject matter also is not limited in scope to the nature and manner of the investigation that was conducted into Randallstown African International Market, LLC's trafficking activities. Moreover, the policies speak for themselves, and it is not clear from the subject matter description about what aspects of the unspecified policies the plaintiffs seek testimony. Therefore, the United States has no way of knowing who possesses the necessary knowledge or how it would prepare a designee witness to testify as to the information known or reasonably available to the United States. To the extent that the plaintiffs seek testimony as to how the policies were applied in connection with Randallstown African International Market's disqualification from participation in SNAP, such testimony is properly obtained from the fact witnesses in this case, not a designee of Defendant.

3.      Defendant objects to subject matter 3 on the ground that it is not relevant to any party's claim or defense. Randallstown African International Market was charged with trafficking in violation of 7 C.F.R. § 278.6(e)(1) following an analysis of its EBT transactions, which revealed "clear and repetitive patterns of unusual, irregular, and inexplicable activity for [its] type of firm." Charge Letter, A.R. 135. Randallstown African International Market was then given an opportunity to respond to the charges pursuant to 7 C.F.R. § 278.6(c). To be sure, the analyses of Randallstown African International Market's EBT transactions was not dispositive of the trafficking charges against it.

Defendant further objects to subject matter 3 on the ground that that it is overbroad; it is unlimited in scope as to categories of EBT transactions and, in particular, is not limited to the

3

categories of EBT transactions that formed the basis of Randallstown African International Market's trafficking charges.

   4.  Defendant objects to subject matter 4 on the grounds that it is overbroad; it is unlimited in scope as to categories of EBT transactions and, is not limited to the categories of EBT transactions that Randallstown African International Market was charged with violating. Defendant further states that the categories of EBT transactions for which the ALERT systems scans are known to the plaintiffs, and it is not clear from the subject matter description about what aspects of the categories the plaintiffs seek testimony. Therefore, the United States has no way of knowing who possesses the necessary knowledge or how it would prepare a designee witness to testify as to the information known or reasonably available to the United States. To the extent that the plaintiffs seek testimony concerning the categories of EBT transactions that formed the basis of Randallstown African International Market's trafficking charges, such testimony is properly obtained from the fact witnesses in this case, not a designee of Defendant.

   5.  As an initial matter, Defendant states that it does not use algorithms in the issuance of charge letters, initial determinations, final determinations, or final agency decisions. Further, Defendant objects to this subject matter on the ground that it is vague because it does not know what the plaintiffs mean by "other statistical tools." Based on that objection, the United States cannot say whether it uses "other statistical tools" in the issuance of charge letter, initial determinations, final determinations, or final agency decisions. To the extent that the plaintiffs seek testimony as to what, if any, statistical analyses were performed and/or relied upon in connection with the issuance of the charge letter, initial determination, final determination, and final agency decision to Randallstown African International Market, that testimony is properly obtained from the fact witnesses in this case, not a designee of the Defendant.

Based on the foregoing objections, the United States is unable to designate one or more witnesses to testify regarding all information known or reasonably available to it with respect to the foregoing subject matters.

Respectfully submitted,

Stephen M. Schenning
Acting United States Attorney

*/s/ Kelly Marzullo*

Kelly M. Marzullo (Bar No. 28036)
Assistant United States Attorney
36 South Charles Street, 4th Floor
Baltimore, Maryland 21201
(410) 209-4800
(410) 962-2310 (fax)
kelly.marzullo@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 19th day of September 2017, a copy of the foregoing Defendant's Objections to Plaintiffs' Second Amended Notice of Deposition to United States was served, via e-mail and U.S. mail, first class, postage prepaid, on:

>   Stewart D. Fried
>   Olsson Frank Weeda Terman Matz PC
>   The Watergate
>   600 New Hampshire Avenue, N.W.
>   Suite 500
>   Washington, DC 20037
>   sfried@ofwlaw.com

>                            /s/ Kelly Marzullo
>                            Kelly M. Marzullo (Bar No. 28036)
>                            Assistant United States Attorney
>                            36 South Charles Street, 4th Floor
>                            Baltimore, Maryland 21201
>                            (410) 209-4800
>                            (410) 962-2310 (fax)
>                            kelly.marzullo@usdoj.gov